# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN MARK WAGGONER, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:11-CV-948-CAS |
| KEITH SCHAFER, et. al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Stephen Waggoner for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff, a civil detainee at the Southeast Missouri Mental Health Center ("SEMMHC"), brings this action under 42 U.S.C. § 1983 and Title II of the ADA, 42 U.S.C. § 12132. Named as Defendants are Keith Schafer, Ed.D., Director of Department of Mental Health; Felix Vincenz, Ph.D., Chief Operating Officer; and Richard Gowdy, Ph.D.

Plaintiff alleges that detainees at SEMMHC are unable to inform the courts of their civil detention, that they do not have access to a law library, and that they do not have access to attorneys without staff permission. Plaintiff further alleges that the detainees are not integrated into society as required by 28 C.F.R. § 35.130(d), and plaintiff says that they are not taught about their conditional release rights under Missouri law.

**Discussion**

1.  Section 1983 Claims

The complaint is silent as to whether Defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). The State of Missouri, however, is

absolutely immune from liability under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989). As a result, plaintiff's § 1983 claims fail to state a claim.

Furthermore, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. Therefore, his § 1983 claims fail for this reason as well.

Finally, "[t]o state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff has not alleged that he has suffered an actual injury to a legal action. As a result, his access to the courts claims fail as a matter of law.

2. ADA Claims

"To state a prima facie claim under [Title II of] the ADA, a plaintiff must show: 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability." Randolph v. Rodgers, 170 F.3d 850, 858 (8th Cir. 1999); see 42 U.S.C. § 12132. Plaintiff does not allege that any of the defendants excluded him from any benefit because of a discriminatory purpose based on a disability. Furthermore, legal information and requirements are not "benefits" under the ADA. As a result, the complaint fails to state a prima facie case under Title II of the ADA.

3

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

                                                       **CHARLES A. SHAW**
                                                     **UNITED STATES DISTRICT JUDGE**

Dated this 30th day of June, 2011.